UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VAL G. MOORE, *et al.*,

    Plaintiffs,

v.

CITY OF TOPEKA, KANSAS, *et al.*,

    Defendants.

Case No. 25-1150-DDC-BGS

**MEMORANDUM & ORDER ON *IFP* MOTION,
MOTION FOR APPOINTMENT OF COUNSEL,
MOTION FOR EXCESS PAGES, AND MOTION TO STAY**

Plaintiffs filed this action *pro se*. (Doc. 1.) In conjunction with their federal court Complaint alleging violations of their civil rights (*id.*), Plaintiff Val Moore filed a Motion to Proceed without Prepayment of Fees, which requests leave to proceed *in forma pauperis* ("*IFP* motion"). (Doc. 3, sealed.) Plaintiff Moore contemporaneously filed the requisite financial affidavit. (Doc. 3-1, sealed.) Plaintiff Moore also filed a motion for appointment of counsel (Doc. 4), motion to exceed page limitations (Doc. 5), a motion to stay (Doc. 7), and a second motion to exceed page limitations (Doc. 9). For the reasons set forth herein, Plaintiff's *IFP* motion (Doc. 3, sealed) is **GRANTED**, the motions for excess pages (Docs. 5 and 9) are **DENIED as moot and unnecessary**, and the motion to stay (Doc. 7) is **DENIED**.

**I.**    ***IFP* Motion (Doc. 3, sealed).**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that … the person is unable to pay such fees or give security therefor." To succeed on an *IFP* motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right –

1

fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny *IFP* status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided in Plaintiff Val Moore's affidavit of financial status (Doc. 3-1, sealed), the Court finds that Plaintiff Val Moore has shown an inability to pay the filing fee and a belief of entitlement to relief. Thus, the Court grants Plaintiff's motion to proceed without prepayment of fees (Doc. 3).[1] That stated, the Court has serious concerns regarding the viability of Plaintiffs' claims in federal court, as will be discussed in the undersigned Magistrate Judge's subsequently-filed Report & Recommendation of Dismissal to the District Court. As such, the Clerk shall not to issue summons for service upon Defendants at this time.

## II.   Motion for Appointment of Counsel (Doc. 4).

As an initial matter regarding Plaintiff's request for appointment of counsel, the Court notes there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to

---

[1] The Court notes that no *IFP* motion was filed on behalf of Plaintiff Levi Love. Because Mr. Love is incarcerated and the undersigned Magistrate Judge will, under a subsequently filed report, recommend dismissal of this case, the Court will not require a separate motion or financial affidavit for Mr. Love. Should the District Court disagree with the dismissal recommendation of the undersigned and allow Plaintiffs' case to proceed, the Court may revisit the issue of Mr. Love's *IFP* status.

2

prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

Under the first factor, the Court notes that Plaintiff Val Moore has been given leave to proceed *in forma pauperis* in this case and Plaintiff Levi Love is incarcerated without employment. This weighs in favor of appointing counsel.

The second factor relates to Plaintiff's diligence in searching for counsel. Plaintiff must show that she "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires movants to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, Plaintiff's motion indicates she has not contacted <u>any</u> attorneys, let alone the requisite five. The Court finds that Plaintiff has not been diligent in her search for counsel, which weighs against the request for appointment.[2]

The next factor is the viability of Plaintiffs' claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. Plaintiffs filed their *pro se* Complaint alleging

---

[2] Plaintiff Val Moore indicates in the form motion the inability to work due to health reasons and "barely [having] enough for bills and rent." (Doc. 4, at 3.) This is not a valid reason for Plaintiff to have failed to contact any attorneys. The Court notes that attorneys often take cases such as this on a contingency basis while certain attorneys are willing to do so on a *pro bono* basis. In certain situations, the Court would instruct Plaintiff to contact the required number of attorneys. Because the remaining factors, which the Court will now address, do not weigh in favor of appointment of counsel, the Court finds it unnecessary for Plaintiff to contact attorneys regarding representation.

3

violations of their civil rights. (Doc. 1.) As stated in the Court's contemporaneously filed Report & Recommendation of Dismissal, there are serious concerns as to the viability of Plaintiffs' claims in federal court. Thus, this factor does not weigh in favor of their request for counsel.

The final factor is Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422.

The Court understands that Plaintiff believes she and Mr. Love have meritorious claims and deserve an attorney to represent them. This, by itself, however, is not a basis for the Court to appoint an attorney. While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish either Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. In other words, although Plaintiffs are not trained attorneys, this alone also does not warrant appointment of counsel. As such, Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

### III.  Motions for Excess Pages (Docs. 5 and 9).

Plaintiff next moves for permission to exceed the 40 page limit prescribed by D. Kan. Rule 7.1(d)(2). (Doc. 5, Doc. 9.) These motions both reference an "84 paged Memorandum In Support (with 154 exhibits/documentations of proof from police reports etc.) of their 42 U.S. C. §1983 … ."[3] (*Id.*) The referenced 84 (or 85) page document appears to be the "Memorandum in Support of Civil Rights Complaint." (Doc 1-1.) The 154 pages of exhibits refers to Doc. 10, which are considered, and filed as, exhibits supporting the Complaint. There is no specific page limitation on a

---

[3] Doc. 9 refers to an "85 paged Memorandum In Support (with 154 exhibits / documentations of proof from police reports etc.) of their 42 U.S. C. §1983 … ." (Doc. 9.) The Court is confident that Plaintiffs are, however, referring to the same document in both motions. For instance, although Doc. 1-1 is 84 pages, Plaintiffs refer to it as an "#85 paged" document. (Doc. 1-1, at 1.)

4

Complaint; D. Kan. Rule 7.1(d)(2) relates to summary judgment and class certification motions. Because these documents are part of Plaintiff's Complaint, Plaintiffs' motion is unnecessary. The motion (Doc. 5) is therefore denied as moot because the documents are already considered filed and part of the docket for this case. To the extent, however, that Plaintiffs consider the "Memorandum in Support of Civil Rights Complaint" to be the brief in support of their Motion for Class Certification (Doc. 9), their request to exceed the page limits is granted.

### IV. Motion to Stay (Doc. 7).

Finally, Plaintiff moves the Court for an Order staying these proceedings "until plaintiff(s) can find an attorney or attorneys to assist in perfecting this Civil Rights Litigation." (Doc. 7.) Plaintiff is free to engage counsel and are encouraged by the Court to do so. Plaintiff has not, however, provided a substantive basis for the Court to pause this litigation while she searches for counsel. As stated above, while the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish either Plaintiff from the many other untrained individuals who represent themselves pro se on various types of claims in courts throughout the United States on any given day. *See also McLain v. Sedgwick Co. Sheriff's Office*, No. 25-4036-JWB-BGS, 2025 WL 1696526, *3 (D. Kan. June 17, 2025) (so holding in context of a *pro se* litigant's request for appointment of counsel). Plaintiff's motion to stay (Doc. 7) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees. <u>The Clerk shall not, however, prepare and issue summons at this time</u>.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Exceed Page Limits (Docs. 5 and 9) are **DENIED as moot** as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

Dated July 23, 2025, at Wichita, Kansas.

/S/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge