## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

VAL G. MOORE, et al.,

                         **Plaintiffs,**

v.

CITY OF TOPEKA, KANSAS, et al.,

                         **Defendants.**

Case No. 25-1150-DDC-BGS

## MEMORANDUM AND ORDER

Plaintiffs Mary Love,[1] Val G. Moore, and Levi Love, proceeding pro se,[2] have sued

various defendants for civil-rights violations. Plaintiffs bring three claims under 42 U.S.C.

§ 1983:

(1) an illegal search of Mary Love and Moore's apartment;[3]

(2) an illegal search and seizure of Mary Love and Moore's Pontiac Grand Am; and

---

[1] The Complaint asserts that Mary Love has passed away, Doc. 1 at 1, which means plaintiffs should substitute a proper party for her, Fed. R. Civ. P. 25(a)(1). Plaintiffs moved to add Mar'queda Moore in Mary Love's place on October 20, 2025. Doc. 19. The motion was denied without prejudice to refiling because plaintiffs failed to follow the court's local rules for motions to amend. Doc. 20. Plaintiffs haven't resolved this failure, but the court needn't resolve it because, as explained below, the court dismisses these claims on other grounds.

[2] Plaintiffs proceed pro se. The court construes plaintiffs' filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for pro se litigants. *Hall*, 935 F.2d at 1110. And our Circuit "'has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[3] The Complaint doesn't say whose apartment this was, but plaintiffs' attachment calls it "Mary's (Val's) apartment." Doc. 1-1 at 11, 16.

(3) illegal arrest of Levi Love.

Doc. 1 at 6–7. Plaintiffs bring their case in forma pauperis, so, under the authority conferred by 28 U.S.C. § 1915(e)(2), Magistrate Judge Brooks G. Severson screened plaintiffs' Complaint. Judge Severson issued a Report and Recommendation recommending that the court dismiss this case for, among other reasons, a statute-of-limitations problem. *See generally* Doc. 12. Plaintiffs objected. Doc. 17. More on this Objection in a moment. The court starts with a pending dismissal from plaintiffs' side of the caption.

I.      **Levi Love's Motion to Dismiss (Doc. 18).**

About a month after plaintiffs' Objection, Levi Love moved to dismiss his false-arrest claim voluntarily. Doc. 18 at 1. This motion cites Fed. R. Civ. P. 41(a)(2). *Id.* And the motion evinces Levi Love's intent to dismiss this action so that the other plaintiffs may proceed. *Id.* (insisting that Mary Love and Moore's "claims were never heard or ruled on in" Levi Love's earlier state-court case, so "their action shall proceed"). Though filed as a motion, the court construes this filing as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).

Rule 41(a)(1)(A)(i) instructs that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"[4] A plaintiff's notice of dismissal needn't invoke Rule 41(a)(1)(A)(i) explicitly. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). When the rule applies, the "dismissal 'is effective at the moment the notice is filed with the clerk,' and an order granting dismissal is 'superfluous, a nullity, and without procedural effect.'" *Lundahl v.*

---

[4]      Rule 41(a)(1)(A)(i) speaks of actions, and not individual claims, so the court could require plaintiffs to file an amended pleading. But the court concludes that allowing plaintiffs to stipulate to dismissal of fewer than all claims in a multi-claim case advances the aims of Fed. R. Civ. P. 1, which directs courts to construe the procedural rules "to secure the jury, speedy, and inexpensive determination of every action and proceeding."

*Halabi*, 600 F. App'x 596, 603 (10th Cir. 2014) (quoting *Janssen*, 321 F.3d at 1000). "'There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.'" *Janssen*, 321 F.3d at 1000 (quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)); *see also id.* at 1000–01 (surveying cases and observing that other "circuits are in accord"). The court thus considers Levi Love and his sole claim voluntarily dismissed as of the filing of the motion.

## II.      The Report and Recommendation

Back to the Objection (Doc. 17) to Judge Severson's Report and Recommendation (Doc. 12). Plaintiffs' other claims allege an illegal apartment search and an illegal vehicle search. Judge Severson recommended that the court dismiss this claim because the relevant statute of limitations is two years and "the facts alleged all appear to relate to alleged search/seizures and an arrest that occurred in 1997 and events in 1999." Doc. 12 at 5. Judge Severson also discerned from plaintiffs' voluminous filings that the most recent dates cited in these filings were 2009 and 2011. *Id.* Judge Severson thus recommended that the court dismiss these claims as barred by the statute of limitations. Reviewing Judge Severson's recommendation de novo,[5] the court agrees

---

[5]      Judge Severson issued the Report and Recommendation on July 23, 2025, and informed plaintiffs that, to secure appellate review, they needed to object within 14 days. Doc. 12 at 8. The Clerk of the Court sent a copy of the Report and Recommendation to plaintiffs by certified mail, using the address plaintiffs provided to the court. *Id.* Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] complete[d] upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). Mailing occurred on July 23, 2025, when the Clerk mailed the Report and Recommendation to plaintiffs. Thus, the time for plaintiffs to object expired on August 6, 2025.

Plaintiffs didn't file a timely objection; their Objection arrived at the court on August 15. Doc. 17. Yet the Objection invokes the prison mailbox rule. *Id.* at 5. Under the prison mailbox rule, a document "will be treated as . . . 'filed' . . . on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). The problem is that then-plaintiff Levi Love gave the Objection to prison staff on August 7, 2025—one day too late. Doc. 17 at 5.

So, the court could accept, adopt, and affirm Judge Severson's Report and Recommendation under any standard of review. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the

with her.[6]  It explains this conclusion below.  But, first, it recites the governing standard of review.

Fed. R. Civ. P. 72(b)(2) provides that any party, after a magistrate judge enters a recommended disposition on a dispositive matter, may serve and file specific, written objections to the magistrate judge's order within 14 days after service of a copy of the recommended disposition.  Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Kelly-Leppert v. Monsanto/Bayer Corp.*, No. 20-2121-KHV, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) ("In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation.").  After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

The court recognizes that it should dismiss a case sua sponte on a statute of limitations defense in very rare circumstances because the statute of limitations is an affirmative defense.  *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  And the screening inquiry under § 1915

---

absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).  The court nonetheless reviews Judge Severson's Report and Recommendation de novo and considers the arguments made in the untimely Objection.

[6]    Though the court reviews Judge Severson's recommendation de novo, this Order incorporates and supplements Judge Severson's Report and Recommendation.

can't serve as a factfinding process. *Id.* So, the court can sua sponte dismiss a claim as untimely only if "the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). To address the statute of limitations thoroughly, the court must (i) identify the governing statute of limitation; (ii) determine when that statute began to run; and (iii) determine whether the statute stopped running for any reason. The court addresses each consideration in turn.

*First*, plaintiffs' § 1983 claims are governed by a two-year statute of limitations. The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In Kansas, the statute of limitations for personal injury claims is two years. Kan. Stat. Ann. § 60-513(a)(4); *Eikenberry v. Seward County*, 734 F. App'x 572, 575 (10th Cir. 2018).

*Second*, to determine when this two-year statute of limitations began to run, the court applies federal law. *Mondragón*, 519 F.3d at 1082. A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (quotation cleaned up). "Claims arising out of police actions toward a criminal suspect, such as . . . search and seizure, are presumed to have accrued when the actions actually occur." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 (10th Cir. 1999) (quotation cleaned up). Here, plaintiffs filed their Complaint in July 2025. Yet the Complaint alleges that defendants, while investigating Levi Love for a crime, searched the apartment at issue in 1997. *See, e.g.*, Doc. 1-1 at 9, 10.[7] And defendants allegedly searched and seized the Grand Am in 1997. *Id.* at 9, 10. The Complaint's attachment also alleges that

---

[7]    Usually, a court only may consider the complaint. But "courts may also consider documents that a plaintiff . . . attaches to her complaint[.]" *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024).

plaintiffs knew of these occurrences when they occurred.  Indeed, in 1997 defendants allegedly coerced Mary Love to sign a consent form for that search of the Grand Am.  *Id.* at 6.  So, these claims accrued in 1997.

*Last*, the court must consider tolling.  "In a § 1983 action, we look to state law for tolling rules."  *Shrum v. Cooke*, 60 F.4th 1304, 1308 (10th Cir. 2023).  When objecting to Judge Severson's conclusions, plaintiffs assert that a 1998 state-court, civil-rights action filed by Levi Love tolled the statute of limitations.  Doc. 17 at 2.  The court can't discern any means for a state-court, civil-rights action—dismissed in 1998—to make this 2025 lawsuit timely.  The court thus agrees with Judge Severson.  Plaintiffs' claims are barred by the statute of limitations.

The court concludes that this case presents the requisite rare circumstances.  The Complaint, its attachment, and plaintiffs' exhibits allege illegal searches and seizures based on events that occurred decades ago.  *See generally* Doc. 1; Doc. 1-1; Doc. 10.  Indeed, this whole case presents—on its face—an attempt to relitigate Levi Love's decades-old convictions.  Plaintiffs had every opportunity to resolve or clarify the timeliness issues with the Complaint by objecting to Judge Severson's Report and Recommendation, but failed to do so.  The court thus dismisses plaintiffs' claims as time barred.  This dismissal is without prejudice.[8]

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court thus accepts, adopts, and affirms Magistrate Judge Severson's Report and Recommendation (Doc. 12) and dismisses this case.

---

[8]     The court recognizes that our Circuit has suggested that a dismissal without prejudice is, effectively, a dismissal with prejudice if the court concludes that the statute of limitations has run.  *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) ("[W]e treat a dismissal without prejudice as a dismissal with prejudice when the statute of limitations has run on the claims.").  Yet the court declines to foreclose plaintiffs from pursing a viable accrual or tolling theory in the future.  The court declines to grant plaintiffs leave to amend because, quite simply, they haven't asked for it.  The court thus dismisses this claim without prejudice.

**IT IS FURTHER ORDERED THAT** plaintiffs' Objection (Doc. 17) is overruled.

**IT IS FURTHER ORDERED THAT** the Clerk of Court should treat plaintiff Levi Love's Motion to Voluntarily Dismiss (Doc. 18) as a Notice of Dismissal.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is to close this case.

**IT IS SO ORDERED.**

**Dated this 19th day of March, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
