## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

VAL G. MOORE and LEVI LOVE,

      Plaintiffs,

      v.

CITY OF TOPEKA, KANSAS, *et al.*,

      Defendants.

Case No. 25-1150-DDC-BGS

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for the undersigned Magistrate Judge to recuse filed by *pro se*[1] Plaintiffs Val Moore and Levi Love. (Doc. 24, at 1.) For the reasons stated herein, the Court **DENIES** Plaintiffs' motion for recusal of the undersigned.

Plaintiffs filed this lawsuit on July 11, 2025, alleging various 42 U.S.C. § 1983 claims against multiple Defendants, including the City of Topeka and Shawnee County, Kansas. (See Doc. 1.) Plaintiffs also named various individual Defendants, including officers identified as members of City of Topeka Police Department, and individuals working and/or associated with the Shawnee County Court system, including district attorneys, public defenders, and a Shawnee County Judge (collectively "Defendants"). (*Id.*)

The undersigned Magistrate Judge issued a Report & Recommendation of Dismissal on July 23, 2025. (Doc. 12.) Therein, the undersigned recommended dismissal based on potential statutes of limitations issues and the relation of Plaintiffs' claims to state court proceedings. (*See generally id.*) The District Court adopted these recommendations on March 19, 2026. (Doc. 21.) Judgment was entered that same day and the case was closed. (Doc. 22.)

---

[1] Plaintiffs proceed *pro se.* The Court construes their filings liberally and holds them to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the *pro se* litigant. *Hall*, 935 F.2d at 1110.

1

Plaintiffs subsequently filed their motion to alter or amend the judgment on April 16, 2026. (Doc. 23.)  That motion remains pending before the District Judge.

Plaintiffs bring the present motion asking the undersigned to recuse.[2]  As a basis for this motion, Plaintiffs make the general, unsupported statement that the impartiality of the undersigned is in question.  (Doc. 24, at 1.)  This issue was further addressed in Plaintiffs' aforementioned motion to alter judgment (Doc. 23).  Therein, Plaintiffs generally complain about the undersigned denying Plaintiffs' previously-filed motion to amend their Complaint.  (*See generally, id.*; *see also* Docs. 19, 20.)

As an initial matter, the Court notes that judgment has been entered and this case is currently closed.  Although there is a pending motion to alter the judgment, that motion has not been granted (thus, the case remains closed) and is pending before the District Judge.  Nothing pending in this case before the undersigned.  Simply stated, there is nothing from which the undersigned Magistrate Judge may recuse herself.  *See TV Communs. Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1077, 1081 (D. Colo. 1991) (holding that a motion to recuse filed after the case had been dismissed "requests no relief which can be granted.").  This motion should, therefore, be denied on procedural grounds.

Even if the Court were to find that the motion should be decided on its substantive merits, Plaintiffs have stated no valid basis for recusal.  The decision to recuse is committed to the sound discretion of the court.  *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987).  Recusal is appropriate when a judge's impartiality may be reasonably questioned.  *See, e.g.*, 28 U.S.C. § 455; *see also* Hinman, 831 F.2d at 938.  There are two statutes that govern judicial recusal, 28 U.S.C. §§ 144 and 455.  *See also Burleson v. Sprint PCS Grp.*, 123 F. App'x 957, 959 (10th Cir. 2005).  Under 28 U.S.C. § 144, the

---

[2] The motion also asks District Judge Crabtree to recuse.  That portion of the motion will be addressed by separate order from the District Judge.

moving party must submit an affidavit showing bias and prejudice.[3]  *Id.* at 959–60 (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).  The bias and prejudice must be personal, extrajudicial, and identified by "'facts of time, place, persons, occasions, and circumstances.'"  *Id.* at 960 (quoting *Hinman*, 831 F.2d at 937, 939).  These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions.  *Id.*

Under 28 U.S.C. § 455, a judge must disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," or "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  28 U.S.C. § 455(a) & (b)(1).  The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

Here, Plaintiffs have not established a valid basis for recusal.  Plaintiffs present very little discussion of their misgivings with the undersigned's handling of the case, as discussed above.  Nothing in Plaintiffs' motion to recuse (Doc. 24) or the related portions of their motion to alter judgment (Doc. 23) warrant the recusal of the undersigned.  The merits of the motion to amend (Doc. 19) have already been litigated (Doc. 20).  Simply stated, a judge "[d]isagreeing with a party is not a basis for recusal."  *Micheaux v. American Credit Acceptance*, No. 24-1102-DDC-BGS, 2025 WL 986968, *2 (D. Kan. April 2, 2025).

After considering the arguments presented by Plaintiffs, the Court concludes that recusal from this case is not appropriate.  As discussed above, the case remains closed; thus there is nothing from which the undersigned may recuse herself.  Further, the instances of alleged bias or prejudice by the undersigned Magistrate Judge arise from Plaintiffs' confusion or perception of unfavorable

---

[3] The Court notes that Plaintiffs have not submitted the requisite affidavit.  Rather than deny the motion on such technical grounds, the Court will consider the motion – signed by Plaintiff Val Moore – to satisfy the affidavit requirement.

rulings.  As discussed above, this does not bring the undersigned's impartiality into question.

Plaintiffs' motion for recusal of the undersigned Magistrate Judge (Doc. 24) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to recuse the undersigned

Magistrate Judge (Doc. 24 ) is **DENIED**.

**IT IS SO ORDERED.**

Dated April 22, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

4